IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-CR-88-JFH |
| ROBERT TAYLOR BRAGG, | |
| Defendant. | |

**OPINION AND ORDER**

Before the Court is an Unopposed Motion to Stay Litigation Pending the Oklahoma Court of Criminal Appeals' Decision ("Motion") filed by the United States of America ("Government"). Dkt. No. 49. The Government represents that Defendant does not oppose the Motion. *Id.* at 1. For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

The Motion falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to postpone a criminal trial and exclude any resulting period of delay if the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When seeking to postpone a criminal trial to serve the ends of justice, the movant must present specific facts from which the Court can conclude that the request for additional time is warranted. *United States v. Toombs*, 574 F.3d 1262, 1271 (10th Cir. 2009). In considering whether to postpone a criminal trial, the Court must give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

Here, Defendant convicted of six counts of child abuse in the Tulsa County District Court in 2014 and sentenced to life in prison. Dkt. No. 49 at 1. He appealed. *Id.* In October 2021, while his direct appeal on jurisdictional and substantive grounds was pending, the Oklahoma Court of

Criminal Appeals vacated Defendant's sentence for lack of jurisdiction pursuant to the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020) and directed the dismissal of the State conviction.  Dkt. No. 49 at 1.  A federal grand jury indicted Bragg with aggravated sexual abuse and child abuse in Indian Country.  *Id.*  The federal case was set for trial on October 17, 2022.  Dkt. No. 48.

Thereafter, the United States Supreme Court held that federal and state governments have concurrent jurisdiction to prosecute crimes committed by non-Indians against Indians in Indian country.  *Oklahoma v. Castro-Huerta*, 142 S.Ct. 2486 (2022).  The Government asserts that, "[b]ecause the State has concurrent jurisdiction over crimes committed by non-Indians in Indian County, *McGirt* does not apply to state convictions involving non-Indian defendants," and thus, Defendant's appeal from his state conviction "will likely be reinstated by the Oklahoma Court of Criminal Appeals, potentially obviating the need for this federal prosecution."  Dkt. No 49 at 2.  The Government requests that the Court stay the federal case, to allow time for the appeal from the state conviction to be reinstated.  *Id.* at 2-3.

The Court is not inclined to stay this case, postponing the trial indefinitely.  However, the Court finds that continuing the trial to January 17, 2022, will serve the ends of justice by allowing time for the state appeal to be reinstated, thereby potentially avoiding dual prosecutions for the same conduct and promoting judicial efficiency.  The Court notes that Defendant has executed a speedy trial waiver, asking the Court to exclude any period of delay for an ends of justice continuance.  Dkt. No. 53.  In addition to considering Defendant's interests, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

IT IS THEREFORE ORDERED that the Unopposed Motion to Stay Litigation Pending the Oklahoma Court of Criminal Appeals' Decision filed at Dkt. No. 49 is GRANTED IN PART and DENIED IN PART. The Government's request to stay the case indefinitely is DENIED. However, the Court will strike the jury trial set for October 17, 2022 at 8:45 a.m. The following amended scheduling order is hereby entered:

| | | |
|---|---|---|
| Joint status report regarding production of discovery due: | 12/9/2022 | |
| Notices due: | 12/9/2022 | |
| This includes all notices required by the Rules of Criminal Procedure and Evidence, including but not limited to, notices pursuant to Rule 16, 404(b), 412, 413, 414, or 609. | | |
| Motions and objections to notices due: | 12/16/2022 | |
| Absent good cause, motions in limine shall be filed by this date | | |
| Motions for bill of particulars shall be filed pursuant to FRCrP 7(f) | | |
| Pretrial conference: | 1/6/2023 | at 9:30 am |
| Voir dire, jury instructions, stipulations, & trial briefs due: | 1/6/2023 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 1/12/2023 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 1/12/2023 | by 4:00 pm |
| Jury trial: | 1/17/2023 | at 8:45 am |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing.

Only one omnibus motion in limine and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the Pretrial Docket Call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the Change of Plea Hearing.

The parties are encouraged to review the Court's Criminal Guidelines.

IT IS FURTHER ORDERED that the time from October 17, 2022, inclusive, to January 17, 2023, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

Dated this 19th day of September 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE